IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:25-cv-00617

SRINI NALLASIVAN,

    Plaintiff,

v.

U.S. BANCORP; JOHN DOE NOS. 1-10,

    Defendants.

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank"), incorrectly identified as U.S. BANCORP in Plaintiff's Complaint,[1] by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 and Federal Rule of Civil Procedure 81, hereby removes this action, which is pending as Case No. 25CV030195-590 in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division. In support of its Notice of Removal, U.S. Bank states as follows:

**Timeliness And Background**

1. On June 16, 2025, Plaintiff filed a Complaint against Defendants in the General Court of Justice, Superior Court Division, Mecklenburg County, State of North Carolina, titled *Srini Nallasivan v. U.S. Bancorp; John Doe Nos. 1-10*, Case No. 25CV030195-590 (the "Lawsuit").

2. U.S. Bank was served with Civil Summons and a copy of Plaintiff's Complaint via United States Postal Service certified mail on July 15, 2025.

---

[1] The proper Defendant and Plaintiff's former employer is U.S. Bank National Association, and not U.S. Bancorp. For purposes of this removal, Defendant will be identified correctly as "U.S. Bank."

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Civil Summons and Plaintiff's Complaint are attached hereto as **Exhibit A**. These documents constitute all "process, pleadings and orders" served on U.S. Bank in the Lawsuit.

4. Because U.S. Bank has filed this Notice of Removal within thirty days of service of the Civil Summons and Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

5. U.S. Bank has not yet answered the Complaint nor filed any other responsive papers in the Lawsuit.

6. In his Complaint, Plaintiff brings eight claims for relief: (1) Discrimination, Harassment, and Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) Discrimination and Retaliation Under 42 U.S.C. § 1981 ("Section 1981"); (3) Wrongful Discharge in Violation of North Carolina Public Policy ("wrongful discharge"); (4) Fraudulent Misrepresentation; (5) Defamation; (6) Tortious Interference with Prospective Economic Advantage ("tortious interference"); (7) violation of the North Carolina Wage and Hour Act ("NCWHA"); and (8) Blacklisting.

**This Case Is Removable Based Upon Federal Question Jurisdiction**

7. Plaintiff's Title VII and Section 1981 claims arise under the laws of the United States and, therefore, this Court has original jurisdiction over them under 28 U.S.C. § 1331. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

8. This Court may exercise supplemental jurisdiction over Plaintiff's remaining six claims—wrongful discharge, fraudulent misrepresentation, defamation, tortious interference, violation of the NCWHA, and blacklisting—pursuant to 28 U.S.C. § 1367.

## This Case Also Is Removable Based Upon Diversity Jurisdiction

9. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

10. In this case, both the "diversity" and "amount in controversy" requirements are met.

## The Parties Are Diverse

11. Plaintiff is a resident of North Carolina. (Ex. A, Compl. ¶ 4).

12. U.S. Bancorp (the named defendant) was, at the time of the filing of this action, and still is, a citizen of Delaware (its state of incorporation) and Minnesota (its headquarters). *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, . . .").

13. U.S. Bank (the actual employing entity) was, at the time of the filing of this action, and still is, a citizen of a state other than North Carolina. U.S. Bank was and is a national banking association with its main office in Cincinnati, Ohio. Accordingly, U.S. Bank was and is a citizen of Ohio. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank, for purposes of 28 U.S.C. § 1348, "is a citizen of the state in which its main office, as set forth in its articles of association, is located.").

14. Accordingly, this case is "between citizens of different States" and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332(a)(1), (c).[2]

**The Amount In Controversy Exceeds $75,000**

15. U.S. Bank has a good faith belief based on Plaintiff's express statements in his Complaint that he seeks damages in excess of $75,000, the jurisdictional amount of this Court.[3] In his Complaint, Plaintiff asks the Court to award him several categories of damages, including: (1) "approximately $120,000.00 in lost wages"; (2) "approximately $41,666.00 balance of [Plaintiff's] second-year sign-on payment"; (3) "$10,000.00 referral fee"; (4) pre- and post-judgment interest; (5) liquidated damages; (6) costs; (7) reasonable attorneys' fees;[4] and (8) issuance of Plaintiff's remaining stock incentives that would have vested and converted to common stock had U.S. Bank not prematurely terminated Plaintiff's employment. (Ex. A, Compl. ¶ 36, Prayer for Relief).

16. It is plain from the face of Plaintiff's Complaint that Plaintiff seeks damages in excess of $75,000. Accordingly, Plaintiff's claims satisfy the amount in controversy requirement.

---

[2] The citizenship of John Doe Nos.1-10 is irrelevant for diversity purposes. 28 U.S.C. § 1441 (b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Accordingly, for purposes of this Notice of Removal, this Court should disregard the citizenship of the John Doe Defendants.

[3] In making the following calculations of approximate damages, U.S. Bank does not concede that Plaintiff is entitled to any relief in this action. To the contrary, U.S. Bank maintains that Plaintiff is not entitled to any of the purported damages and other relief he seeks. U.S. Bank's position is simply that the amount in controversy exceeds the jurisdictional minimum required under 28 U.S.C. § 1332(a).

[4] Attorneys' fees are included in the amount-in-controversy calculation if a statute mandates or allows the payment of attorneys' fees. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013). Since North Carolina General Statute § 95-25.22(d) authorizes the payment of reasonable attorneys' fees, such fees are properly includable in the amount in controversy calculation. *McKay v. Experis US Inc.*, No. 5:20-CV-139-FL, 2020 WL 4013444, at *2 (E.D.N.C. July 16, 2020). The same principle applies to claims under Section 1981 and Title VII. *See* 42 U.S.C. § 1988, § 2000e–5(k).

*See JOMA Sys. Inc. v. GKN Sinter Metals, Inc.*, No. CIV. 5:07CV1-V, 2007 WL 2993810, at *2 (W.D.N.C. Oct. 11, 2007) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938) ("Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.")).

17. Because this action is between citizens of different states and the matter in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

### **Venue and Notice**

18. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant to 28 U.S.C. § 113(c), this District embraces the Mecklenburg County Superior Court, the place where the action is pending. 28 U.S.C. § 1441(a).

19. Promptly after the filing of this Notice of Removal, U.S. Bank shall file a Notice of Filing of Defendant's Notice of Removal with The General Court of Justice, Superior Court Division, Mecklenburg County, State of North Carolina, and will serve a copy on Plaintiff through his counsel, pursuant to 28 U.S.C. § 1446(d). A copy of this notice is attached hereto at **Exhibit B**.

20. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that U.S. Bank's factual allegations have evidentiary support, and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation.

## Conclusion

21.	Based on the foregoing, this Court has original jurisdiction over this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of the parties under 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this Lawsuit. *See* 28 U.S.C. § 1441(a).

WHEREFORE, U.S. Bank respectfully requests that the above-described action pending against it be removed to this Court.

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION

By: */s/ Frederick T. Smith*
Frederick T. Smith
North Carolina Bar No. 45229
Attorney for Defendant
SEYFARTH SHAW LLP
300 S. Tryon Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 925-6023
Facsimile: (704) 559-2425
E-mail: fsmith@seyfarth.com

Date: August 14, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:25-cv-00617

| | |
|---|---|
| SRINI NALLASIVAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. BANCORP; JOHN DOE NOS. 1-10,<br><br>　　　　Defendants. | **CERTIFICATE OF SERVICE** |

I certify that, on August 14, 2025, I electronically filed Defendant's Notice of Removal with the Clerk of Court via the Court's CM/ECF system, and served a true and correct copy of the same by the United States Postal Service on the following attorneys:

>Victoria T. Kepes
>Mitchell G. Davis
>The Noble Law Firm, PLLC
>700 Spring Forest Road, Suite 205
>Raleigh, North Carolina  27609

>John-Paul S. Deol
>Michael R. Fleming
>Dhillon Law Group Inc.
>177 Post Street, Suite 700
>San Francisco, California  94108

>　　　　　　　　　　　　*/s/ Frederick T. Smith*
>　　　　　　　　　　　　Frederick T. Smith
>　　　　　　　　　　　　North Carolina Bar No. 45229
>　　　　　　　　　　　　Attorney for Defendant